Case 4:24-cr-00305   Document 49   Filed 02/10/26 in TXSD   Page 1 of 8

United States Courts
Southern District of Texas
FILED

*February 10, 2026*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | CRIMINAL NO. H-24-305-S |
| FREDREIONA ANDERSON | § § | |

SUPERSEDING CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

**INTRODUCTION**

At all times material to this Superseding Criminal Information:

1. The defendant **FREDREIONA ANDERSON (ANDERSON)** resided in Houston, Texas.

2. The term "business email compromise" ("BEC") refers to a sophisticated fraud often targeting businesses involved in wire-transfer services. A BEC is accomplished by compromising and/or mimicking ("spoofing") legitimate business email accounts, often through social engineering or computer intrusion techniques. Perpetrators of BEC fraud then use the email access to cause the target company, or individuals involved in legitimate business transactions with the target company, to conduct unauthorized transfers of funds to money mules' bank accounts.

1

3.     A "money mule" is a person recruited to open a bank account, or use an already open bank account, under their control for the purpose of receiving money illegally acquired and then to transmit some or all of the funds, often through electronic means, on behalf of others. A money mule is typically allowed to keep a percentage of the funds deposited into their account as a payment.

4.     The defendant and his co-conspirators, individually and through businesses they formed, operated as money mules and unlicensed money transmitters related to a large business email compromise scheme occurring within the United States.

5.     The defendant and his co-conspirators, individually and through business entities they controlled, operated as unlicensed money transmitting businesses as outlined in Title 18, United States Code, Section 1960(b)(1). An unlicensed money transmitting business affects interstate and foreign commerce in any manner and degree and fails to comply with money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed under such section, including 31 C.F.R. Sections 1022.100-1022.670.

6.     The defendant and her co-conspirators, individually and through business entities they controlled, operated as money transmitters as outlined in Title 18, United States Code, Section 1960(b)(2). Money transmitting includes transferring funds on behalf of the public by any and all means, including, but not limited to,

transfer within the United States and to locations abroad by wire, check, draft, facsimile, and courier.

7. 818 BAR & SPA LLC was a business entity name controlled by defendant **ANDERSON** that she used to receive, launder, and transmit criminal fraud proceeds obtained from business email compromise victims.

8. Akama Lifestyle was a business entity controlled by co-conspirator Edikan Adiakpan that he used to launder and transmit criminal fraud proceeds obtained from business email compromise victims.

## BANK ACCOUNTS

9. BBVA x9296 was a bank account **ANDERSON** opened to receive, launder, and transmit criminal fraud proceeds.

10. Chase X3603 was a bank account opened by co-conspirator BL to receive, launder, and transmit criminal fraud proceeds.

## VICTIMS

11. One of the victims of this scheme is Victim RM, a children's school in Florida.

## THE CONSPIRACY

12. From in or about 2020 to in or about 2021, in the Southern District of Texas and elsewhere, the defendant **FREDREIONA ANDERSON (ANDERSON)** participated in a conspiracy to defraud and to launder and transmit fraud proceeds

received from victims. Defendant, and others known and unknown to the Grand Jury, did willfully and knowingly combine, conspire, confederate, and agree together and with each other to execute a scheme and artifice to defraud and to obtain money, funds, and property by means of false and fraudulent pretenses, representations and promises and did transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, sign, signals and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

13. The purpose of the conspiracy was for defendant, and others known and unknown to the Grand Jury, to engage in a business email compromise scheme to deceive victims into sending money victims owed to real creditors to bank accounts under the control of **ANDERSON** and her co-conspirators, who then, for a fee, transmitted and disbursed the criminal fraud proceeds to co-conspirators.

## MANNER AND MEANS

14. Co-conspirators of defendant **ANDERSON** obtained access to Victims' business email accounts or to the business email accounts of businesses to whom a Victim owed money (Creditor). Spoofed emails were then used to send fraudulent payment instructions to a Victim for a payment that the Victim owed to the Creditor.

15. After **ANDERSON** received the victims' fraudulently obtained funds into bank accounts she controlled, defendant **ANDERSON** and her co-conspirators laundered the fraud funds in a manner designed to conceal the source, ownership, and control of the fraudulently obtained funds.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

16. On April 16, 2020, 818 BAR & SPA LLC was registered with the Texas Secretary of State. The managing member for 818 BAR & SPA LLC was listed as FREDREIONA LOIS ANDERSON. 818 BAR & SPA LLC was a shell company that existed only on paper to open bank accounts to receive and launder fraud proceeds.

17. On May 12, 2020, **ANDERSON** opened bank account x9296 at BBVA in the name of FREDREIONA ANDERSON, DBA 818 BAR AND SPA LLC. **ANDERSON** was the sole signer on BBVA account x9296.

18. On or about February 8, 2021, in response to fraudulent wire instructions from a spoofed email, and believing they were communicating with a true Creditor, Victim RM caused its bank to send an interstate wire of approximately $84,675.00 to **ANDERSON'S** BBVA account x9296.

19. On February 11, 2021, **ANDERSON** issued a wire transfer in the amount of $60,000 from BBVA account x9296 to co-conspirator BL's account at JPMorgan Chase account x3603.

20. On or about February 11, 2021, defendant **ANDERSON'S** co-conspirator BL issued or caused to be issued cashier's check X1357 from Chase X3603 payable to Akama Lifestyle transmitting approximately $12,000 of fraud proceeds to co-conspirator ADIAKPAN.

21. On or about February 11, 2021, co-conspirator ADIAKPAN redeemed for cash cashier's check X1357 payable to Akama Lifestyle consisting of approximately $12,000 in fraud proceeds.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
(Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h))

Paragraphs 1 - 21 are incorporated herein by reference in their entirety.

22. From in or about 2020 to in or about 2021, in the Southern District of Texas and elsewhere, **FREDREIONA ANDERSON,** the defendant, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions—to wit, bank deposits, withdrawals, and transfers—knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity and which, in fact, involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

such specified unlawful activity, in violations of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE
(Unlicensed Money Transmitter, 18 U.S.C. § 1960)

From in or about 2020 to in or about 2021, in the Southern District of Texas and elsewhere, **FREDREIONA ANDERSON,** the defendant, together with others known and unknown to the Grand Jury, knowingly conducted, controlled, managed, supervised, directed, and owned all or part of an unlicensed money transmitting business, having failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and regulations prescribed under such section.

All in violation of Title 18, United States Code Sections 1960 and 2.

## NOTICE OF CRIMINAL FORFEITURE
(28 U.S.C. § 2461(c); 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1)(A))

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant that in the event of conviction of the offenses charged in Counts One, Two or Three of this Superseding Criminal Information, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendant that in the event of conviction of the offenses charged in Counts Two or Three of this Superseding Criminal Information, the United States will seek forfeiture of all property, real or personal, involved in the offenses or traceable to such property.

## Money Judgment and Substitute Assets

The United States will seek the imposition of a money judgment against defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States may seek to forfeit any other property of the defendant in substitution.

NICHOLAS J. GANJEI
United States Attorney

By: *Belinda Beek*
　　　Belinda Beek
　　　Assistant United States Attorney